UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BAYOU INDUSTRIAL SALES, LLC** | **CIVIL ACTION** |
| **VERSUS** | |
| **PETRO-VALVE, INC.** | **NO.: 15-00283-BAJ-RLB** |

## RULING AND ORDER

Before the Court is the **Joint Motion to Vacate Judgment and to Dismiss All Parties and All Claims with Prejudice (Doc. 93)** filed by Plaintiff Bayou-Industrial Sales, LLC, Defendant Petro-Valve, Inc., and Third Party Defendants Keith Foote and David Foote (the "Parties"). On November 8, 2017, the Court issued an eighteen page Ruling on cross-motions for summary judgment filed by Plaintiff and Defendant. (Doc. 90). The Court entered judgment in favor of the Plaintiff for $252,499.98. *Id.* at p. 18. On December 4, 2017, the Parties notified the Court that they had settled all claims between them. (Doc. 93 at p. 2). Accordingly, the Parties requested that the Court dismiss all claims brought by all Parties with prejudice. *Id.* at p. 3. Under Federal Rule of Civil Procedure Rule 41(a), a plaintiff may dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." The Court will therefore dismiss all claims brought by all Parties with prejudice, as requested.

The Parties also ask the Court to vacate its Judgment. (Doc. 93 at p. 3). The Parties state that as part of their settlement agreement they agreed to file a joint

1

motion to vacate the Court's judgment. *Id.* However, neither Plaintiff nor Defendant cites any authority in support of their request to vacate the Court's judgment.

The Supreme Court, however, has addressed an analogous situation. In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 19 (1994), the Supreme Court addressed "whether appellate courts in the federal system should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari sought." The Court stated that vacatur of a judgment based on a settlement is not favored and that it requires "exceptional circumstances." *Id.* at 29. The Court recognized the public interest in judicial precedents, which are "presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.* at 26 (internal quotations omitted).

Although *Bancorp* did not address whether a district court may vacate its own judgment, but rather whether an appeals court may vacate a judgment after an appeal, courts have found that *Bancorp* should guide a district court's decision to vacate its own judgments. *See, e.g., Philip Servs. Corp. v. City of Seattle*, No. 06-CV-2518, 2007 WL 3396436, at *2 (S.D. Tex. Nov. 14, 2007); *United States v. Reid*, No. 96-CV-2004, 2000 WL 1843291, at *2-3 (E.D.N.Y. 2000).

Here, the Court finds that neither Plaintiff nor Defendant has identified any "exceptional circumstances" to justify vacatur, as the Supreme Court required in *Bancorp*. The Parties merely note that they agreed to file a motion to vacate the

2

Court's judgment. (Doc. 93 at p. 3). The settlement is not conditioned on vacatur, and even if it was, the Court would be hard pressed to find a reason to vacate its judgment. Indeed, there is a systemic interest in preserving district court judgments because they "play a significant role in the development of decisional law by providing guidance to private parties with respect to the availability of remedies and to litigation strategy," and they "can also be useful to the courts of appeals in rendering decisions." *Carter v. Rosenberg & Estes, P.C.*, No. 95-CIV-10439, 1999 WL 13036, at *3 (S.D.N.Y. Jan. 13, 1999). The motion to vacate the Court's judgment is denied.

Accordingly,

**IT IS ORDERED** that the **Joint Motion to Vacate Judgment and to Dismiss All Parties and All Claims with Prejudice (Doc. 93)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that all claims brought by Bayou-Industrial Sales, LLC, Defendant Petro-Valve, Inc., Keith Foote, and David Foote, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that each party shall bear its own costs. The **Bill of Costs (Doc. 92)** filed by Bayou-Industrial Sales, LLC is **DISMISSED**.

IT IS FURTHER ORDERED that the **Motion to Vacate the Judgment** **(Doc. 93)** is **DENIED**.

Baton Rouge, Louisiana, this 22nd day of December, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**